UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

LINDA CLARKE,

    Plaintiff,

vs.

PEARL OF THE SEA RETREAT, LLC,
a Florida Limited Liability Company,
and ANITA HENSLIN, Individually,

    Defendants.                              /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, LINDA CLARKE ("Clarke" or "Plaintiff"), by and through the undersigned counsel, hereby file this Complaint against Defendants, PEARL OF THE SEA RETREAT, LLC ("PS") & ANITA HENSLIN ("HENSLIN"), (collectively, the "Defendants"), as joint employers, and state as follows:

## PARTIES

1. Plaintiff is an adult individual who performed services for Defendants in St. Johns County, Florida.

2. PS is a Florida Limited Liability Company that operates and conducts business in, among other, St. Johns County, Florida, and is therefore, within the jurisdiction of this Court.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claim because, at all times material to this Complaint, Plaintiff worked for Defendants in St. Johns County, Florida.

1

4. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for St. Johns County, Florida.

5. This action is brought under the Fair Labor Standards Act, as amended (29 U.S.C. § 201, et seq., hereinafter called the "FLSA") to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs under the FLSA.

6. This action is intended to cover Defendants' wage violations against Plaintiff within the past three (3) years pursuant to the FLSA.

## COVERAGE UNDER THE FLSA

7. At all times material hereto, Defendants were, and continue to be, "employers" within the meaning of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

9. At all times material hereto, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

10. At all times material hereto, Defendants were, and continue to be, "enterprises engaged in commerce" either individually, or jointly, or in the production of goods for commerce within the meaning of § 3 (s)(1) of the Act.

11. Defendants have employees engaged in commerce, or in the production of goods for commerce, including having employees handle, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. Based upon information and belief, the gross revenue of Defendants, individually and/or jointly, was in excess of $500,000.00 *per annum* during all times relevant.

13. At all times material hereto, Defendants accepted and processed payments from its customers and others, which were drawn on out-of-state bank accounts.

14. On a recurring and daily basis during Plaintiff's employment, she interacted with, and processed payments from, out of state customers and resort guests and, accordingly, if Defendants are not "enterprise covered" under the FLSA, Plaintiff is individually covered under the FLSA.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants in that Defendants could not operate its business without support staff like Plaintiff.

16. HENSLIN, at all times relevant during Plaintiff's employment: (a) exercised the authority to hire and fire employees like Plaintiff; (b) determined the rates of pay of employees like Plaintiff; and (c) determined/set the schedules/locations for hours worked by employees like Plaintiff.

**STATEMENT OF FACTS**

17. Plaintiff worked for Defendants from April 2017 through December 2018.

18. During the relevant limitations period, Plaintiff primarily worked as an hourly paid, reservations/front desk/housekeeper/clerical employee at the rate of $16.00 per hour plus commission.

19. At all material times hereto, Plaintiff worked over forty (40) hours per week for Defendants but was not compensated time and one half her regular rate of pay **for all overtime hours worked**.

20.     Plaintiff should have been compensated at the rate of one and one-half times her regular rate of pay for those hours that Plaintiff worked for Defendants in excess of forty (40) per week, as required by the FLSA.

21.     Defendants violated the FLSA during Plaintiff's employment because:

   a. Plaintiff regularly worked in excess of forty (40) hours per week for Defendants;

   b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of time and one-half Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendants failed to maintain proper time records as mandated by the FLSA.

22.     Plaintiff estimates her FLSA damages to be, as follows:  Plaintiff was paid $16.00 per hour plus commissions,[1] and her overtime rate should have been $24.00 per hour. Plaintiff estimates she is owed twenty (20) hours of overtime compensation per week X $24.00 per OT hour= $480.00 owed per week X 70 weeks of employment during the operative statute of limitations totals **$33,600.00** in unliquidated overtime damages, and **$67,200.00** in liquidated damages.

23.     Prior to the filing of this lawsuit, Defendants did not consult with an attorney to evaluate whether the manner in which they compensated the Plaintiff was in compliance with the FLSA.

---

[1] Plaintiff cannot accurately estimate how the total commissions received will increase her regular rate of pay, absent full access to Defendants' payment records.  Upon receipt of same, Plaintiff will update her calculations if necessary.

24. Prior to the filing of this lawsuit, Defendants did not consult with the Department of Labor to evaluate whether the manner in which they compensated the Plaintiff was in compliance with the FLSA.

25. Prior to the filing of this lawsuit, Defendants did not consult with an accountant to evaluate whether the manner in which they compensated the Plaintiff was in compliance with the FLSA.

26. Based on the allegations in Paragraphs 23-25 above, Plaintiff is entitled to liquidated damages as Defendants had no objective or subjective good faith belief that their pay practices were in compliance with the FLSA.

27. Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent her in his litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- VIOLATION OF 29 U.S.C. § 207
## OVERTIME COMPENSATION AGAINST DEFENDANTS

28. Plaintiff re-alleges paragraphs 1 through 27 of the Complaint, as if fully set forth herein.

29. Plaintiff regularly worked in excess of forty (40) hours per week for Defendants, for which Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay **for all overtime hours worked**.

30. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

31. At all times material hereto, Defendants failed to maintain proper and accurate time records as mandated by the FLSA.

32. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at a rate of one and

one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week, when they knew, or should have known, such was and is due.

33. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

34. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

35. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that a judgment be entered in her favor against Defendants:

   a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA;

   b. Awarding Plaintiff the declaratory relief sought herein;

   c. Awarding Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per work week;

   d. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

   e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   f. Awarding Plaintiff pre-judgment interest;

   g. Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable as a matter of right by jury.

Dated this 8th day of April, 2019.

                                              Respectfully submitted,

                                              ***/s/ Noah E. Storch***
                                              Noah E. Storch, Esquire
                                              Florida Bar No. 0085476
                                              Email: noah@floridaovertimelawyer.com
                                              Richard Celler, Esquire
                                              Florida Bar No. 0173370
                                              E-mail: richard@floridaovertimelawyer.com
                                              RICHARD CELLER LEGAL, P.A.
                                              7450 Griffin Road, Suite 230
                                              Davie, Florida 33314
                                              Telephone:  (866) 344-9243
                                              Facsimile:   (954) 337-2771

                                              *Attorneys for Plaintiff*