**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LINDA CLARKE,

        Plaintiff,

v.                                        Case No. 3:19-cv-401-J-34JRK

ANITA HENSLIN, individually, and
OCEAN ROMANCE, LLC, a Florida
limited liability company, doing business
as Pearl of the Sea Bed and Breakfast,

        Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on the Joint Motion for Approval of Settlement and Dismissal of the Case with Prejudice and Supporting Memorandum of Law (Doc. No. 25; "Motion"), filed October 22, 2019. In the Motion, the parties seek the Court's approval of their settlement agreement, and they request that this case be dismissed with prejudice. Motion at 1-2, 7.[2] The Motion is referred to the undersigned for the issuance of a report and recommendation regarding an appropriate resolution. See Track Notice and FLSA Scheduling Order (Doc. No. 5), entered April 10, 2019, at 3; Order of Administrative Closure and Reference (Doc. No. 24), entered August 22, 2019, at 2.

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] The Motion contains unnumbered pages. Citations to the Motion follow the pagination assigned by the Court's electronic filing system (CM/ECF).

On April 8, 2019, Plaintiff commenced this action by filing a Complaint and Demand for Jury Trial (Doc. No. 1; "Complaint") against Defendants for overtime wage violations under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). See Complaint at 2. Plaintiff alleges she was employed by Defendants from April 2017 through December 2018 as a "reservations/front desk/housekeeper/clerical employee . . . ." Id. at 3 ¶¶ 17-18; see also Plaintiff's Response Court's Interrogatories (Doc. No. 12-1; "Response to Court's Interrogatories"), filed May 28, 2019, at 2.[3]

In the Complaint, Plaintiff estimates she is owed "$33,600.00 in unliquidated overtime damages, and $67,200.00 in liquidated damages." Complaint at 4 ¶ 22 (emphasis omitted). In the Response to Court's Interrogatories, however, Plaintiff estimates she is owed $ 41,760.00 in "unliquidated" damages and $ 83,520.00 in liquidated damages. Response to Court's Interrogatories at 5 (emphasis omitted).[4]

The parties have entered into a settlement agreement to resolve all of Plaintiff's claims. See Motion at Ex. A (Doc. No. 25-1) ("Settlement Agreement"). Under the terms of the settlement agreement, Defendants agree to pay Plaintiff $2,500.00 in allegedly unpaid overtime wages; $2,500.00 in liquidated damages; and $2,500.00 in attorney's fees and costs. Settlement Agreement at 3; see also Motion at 2, 4.

In an FLSA case for "back wage[s] or liquidated damage[s]," the Court must make a finding that any compromise settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement

---

[3] The Response to Court's Interrogatories contains unnumbered pages. Citations to it follow the pagination assigned by the Court's electronic filing system (CM/ECF).

[4] There is a discrepancy between the numbers in the Complaint and those in the Response to Court's Interrogatories because in the Complaint, Plaintiff alleges she worked seventy weeks, Complaint at 4 ¶ 22, and in the Response to Court's Interrogatories, she states she worked eighty-seven weeks, Response to Court's Interrogatories at 5.

- 2 -

for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013) (citation omitted); Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

> Here, the parties state as follows with regard to the settlement amount:
>
> [T]here has been sufficient investigation and exchange of information to allow counsel and the [p]arties to make well-reasoned decisions in this matter. The [p]arties have exchanged relevant information pertaining to the factual basis for the claims and defenses in the matter. In agreeing upon the proposed settlement, the [p]arties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.

Motion at 5-6.

The parties state they "agree that there is a bona fide dispute as to whether Plaintiff was fully compensated for all hours that she worked for Defendant[s]." Id. at 4. The parties were represented by counsel. Id. at 5, 6. According to the parties, "[t]he complexity, expense, and length of future litigation also support approval of this settlement." Id. at 5. The parties assert that settlement "is a reasonable means for both [p]arties to minimize future risks and litigation costs" because if they litigate this matter further they "would be forced to engage in additional discovery, possible motion practice, and ultimately a costly trial to resolve this matter, the merits of which are uncertain." Id. The parties state that "Plaintiff's probability of success on the merits is uncertain, further suggesting that this settlement is fair and appropriate." Id. at 6. Lastly, the parties represent that "the proposed fees to Plaintiff's counsel are reasonable and were negotiated separately from and without regard to the amount being paid to Plaintiff under the terms of the [s]ettlement [a]greement . . . ." Id. at 7 (citation omitted).

In light of the representations made by the parties and upon review of the Motion, the settlement agreement, and the remainder of the file, the Court finds that the settlement agreement, including the award of attorney's fees and costs, represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. Lynn's Food Stores, 679 F.2d at 1355.[5]

In assessing the fairness of the agreement, the undersigned observes that it contains a release provision. See Settlement Agreement at 2, 4. "Courts typically disfavor general release clauses in FLSA settlement agreements." DeGraff v. SMA Behavioral Health Servs., 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013) (citations omitted). Here, however, the release is limited to "claims or demands [Plaintiff] has asserted in this action." Settlement Agreement at 4; see also id. at 2 (providing that Plaintiff "knowingly and voluntarily releases and forever discharges [Defendants] from all FLSA Claims asserted in this [l]awsuit"). As such, the release is distinguishable from those disfavored by courts, for it "allay[s] any concern that Plaintiff[ ] may be giving up an unknown, but valuable, claim that is completely unrelated to the FLSA claim, and which 'confers an undeserved and disproportionate benefit on the employer and effects an unanticipated, devastating, and unfair deprivation on the employee.'" Coleman v. Target Corp., No. 6:12-cv-1315-Orl-37GJK, 2013 WL 867891, at *6 (M.D. Fla. Mar. 1, 2013) (unpublished) (quoting Moreno v.

---

[5] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness [of such award] is apparent from the face of the documents." King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (unpublished) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005) (unpublished)). The total fee award sought in this case is not patently unreasonable. In addition, Defendants do not contest the reasonableness of the award, so the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

Regions Bank, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010)). Accordingly, the undersigned finds that the release provision here does not undermine the fairness or reasonableness of the settlement agreement.

After due consideration, it is

**RECOMMENDED**:

1.   That the Joint Motion for Approval of Settlement and Dismissal of the Case with Prejudice and Supporting Memorandum of Law (Doc. No. 25) be **GRANTED to the extent** that the Court enter an Order and Stipulated Final Judgment **APPROVING** the parties' settlement agreement attached to the Motion.[6]

2.   That this case be **DISMISSED WITH PREJUDICE** and that the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** in Jacksonville, Florida on February 13, 2020.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

---

[6] This recommendation is not intended to suggest that the Court enter judgment against Defendants. Rather, this recommendation is that the Court enter a combined Order and Stipulated Final Judgment approving the parties' settlement agreement because, as stated in Lynn's Food Stores, 679 F.2d at 1355, "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed . . . under the FLSA[ ] is a fair and reasonable res[o]lution of a bona fide dispute."